# EXHIBIT "A"



**Service of Process Transmittal**
08/19/2021
CT Log Number 540108297

**TO:** Heather Leininger, Manager of Litigation Support
Rite Aid Corporation
30 Hunter Ln
Camp Hill, PA 17011-2400

**RE:** Process Served in Pennsylvania

**FOR:** Rite Aid Hdqtrs. Corp.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MIKHAIL MAGAZINER, PLTF. vs. JB HUNT TRANSPORT INC, ET AL., DFTS. // TO: RITE AID HDQTRS. CORP. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Notice, Attachment(s) |
| **COURT/AGENCY:** | Kings County Supreme Court, NY<br>Case # 5201342021 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision - 05/19/2020 |
| **ON WHOM PROCESS WAS SERVED:** | CT Corporation System, Harrisburg, PA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/19/2021 at 13:07 |
| **JURISDICTION SERVED :** | Pennsylvania |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Seth M. Greenberg<br>Greenberg & Stein, P.C.<br>360 Lexington Avenue, Suite 1501<br>New York, NY 10017<br>212-681-2535 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/19/2021, Expected Purge Date: 08/24/2021<br><br>Image SOP<br><br>Email Notification,  Heather Leininger  hleininger@riteaid.com<br><br>Email Notification,  Tracy Reading  treading@riteaid.com |
| **REGISTERED AGENT ADDRESS:** | CT Corporation System<br>600 N. 2nd Street<br>Suite 401<br>Harrisburg, PA 17101<br>866-401-8252<br>EastTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s)

Page 1 of  2 / SH



**Service of Process Transmittal**
08/19/2021
CT Log Number 540108297

| | |
|---|---|
| **TO:** | Heather Leininger, Manager of Litigation Support<br>Rite Aid Corporation<br>30 Hunter Ln<br>Camp Hill, PA 17011-2400 |
| **RE:** | **Process Served in Pennsylvania** |
| **FOR:** | Rite Aid Hdqtrs. Corp.  (Domestic State: DE) |

of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



**Service Intended For:**

RITE AID HDQTRS. CORP.

Wolters Kluwer

NYSCEF DOC. NO. 1                  RECEIVED NYSCEF: 08/10/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
---------------------------------------------------------------X
MIKHAIL MAGAZINER

                          Plaintiff(s),

         -against-

JB HUNT TRANSPORT INC., LEON JOHNSON, RITE
AID OF NEW YORK, INC AND RITE AID HDQTRS.
CORP.

                          Defendant(s).
---------------------------------------------------------------X

Index No.:
Date Purchased:

**SUMMONS**

Plaintiff designates Kings
County as the place of trial.

The basis of venue is:
Where Plaintiff Resides

Plaintiff resides at:
1917 Avenue O - #2C
Brooklyn, NY 11230
County of Kings

**To the above named Defendants:**

    **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorney(s) within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

    A JURY IS HEREBY DEMANDED.

Dated: New York, New York
        August 6, 2021

                                           SETH M. GREENBERG, ESQ.
                                           GREENBERG & STEIN, P.C.
                                           Attorney for Plaintiff
                                           MIKHAIL MAGAZINER
                                           360 Lexington Avenue, Suite 1501
                                           New York, New York 10017
                                           (212) 681-2535
                                           Our File No. 6947

TO:

JB HUNT TRANSPORT INC.
822 West Spring Meadow Court
Edgewood, MD 21040
**AND THROUGH THE SECRETARY OF STATE**

LEON JOHNSON
822 West Spring Meadow Court
Edgewood, MD 21040
**AND THROUGH THE SECRETARY OF STATE**

RITE AID OF NEW YORK, INC
30 Hunter Lane
Camp Hill, PA 17011
**AND THROUGH THE SECRETARY OF STATE**

RITE AID HDQTRS. CORP.
30 Hunter Lane
Camp Hill, PA 17011
**AND THROUGH THE SECRETARY OF STATE**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X
MIKHAIL MAGAZINER

                               Plaintiff(s),

-against-

JB HUNT TRANSPORT INC., LEON JOHNSON, RITE
AID OF NEW YORK, INC AND RITE AID HDQTRS.
CORP.

                               Defendant(s).
-----------------------------------------------------------------X

Index No.:
Date Purchased:

**VERIFIED COMPLAINT**

        Plaintiff, by his attorneys, **GREENBERG & STEIN, P.C.**, complaining of the Defendants, respectfully alleges, upon information and belief:

    1.    At all times herein mentioned, Plaintiff **MIKHAIL MAGAZINER** was, and still is, a resident of the County of Kings, State of New York.

    2.    That at all times hereinafter mentioned, the Defendant **JB HUNT TRANSPORT INC.** was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

    3.    That at all times hereinafter mentioned, the Defendant **JB HUNT TRANSPORT INC.** was and still is a foreign corporation duly authorized to do business in the State of New York.

    4.    That at all times hereinafter mentioned, the Defendant **JB HUNT TRANSPORT INC.** maintained its principal place of business in the County of Harford, State of Maryland.

    5.    At all times herein mentioned, Defendant **LEON JOHNSON** was, and still is, a resident of the County of Harford, State of Maryland.

    6.    That at all times hereinafter mentioned, the Defendant **RITE AID OF NEW YORK, INC.** was and still is a domestic corporation duly organized and existing under and by virtue of the

laws of the State of New York.

7. That at all times hereinafter mentioned, the Defendant **RITE AID OF NEW YORK, INC.** was and still is a foreign corporation duly authorized to do business in the State of New York.

8. That at all times hereinafter mentioned, the Defendant **RITE AID OF NEW YORK, INC.** maintained its principal place of business in the County of Cumberland, State of Pennsylvania.

9. That at all times hereinafter mentioned, the Defendant **RITE AID HDQTRS, CORP.** was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

10. That at all times hereinafter mentioned, the Defendant **RITE AID HDQTRS, CORP.** was and still is a foreign corporation duly authorized to do business in the State of New York.

11. That at all times hereinafter mentioned, the Defendant **RITE AID HDQTRS, CORP.** maintained its principal place of business in the County of Cumberland, State of Pennsylvania.

12. At all times herein mentioned, Defendant **JB HUNT TRANSPORT INC.** was the owner of a 2016 motor vehicle bearing Oklahoma State registration number 2WL671.

13. At all times herein mentioned, Defendant **LEON JOHNSON** operated the aforementioned motor vehicle bearing Oklahoma State registration number 2WL671.

14. At all times herein mentioned, Defendant **LEON JOHNSON** operated the aforementioned motor vehicle with the permission of Defendant **JB HUNT TRANSPORT INC.**

15. At all times herein mentioned, Defendant **LEON JOHNSON** operated the aforementioned motor vehicle with the knowledge of the Defendant **JB HUNT TRANSPORT INC.**

16. At all times herein mentioned, Defendant **LEON JOHNSON** operated the aforementioned motor vehicle with the consent of the Defendant **JB HUNT TRANSPORT INC.**

17. At all times herein mentioned, Defendant **JB HUNT TRANSPORT INC.** managed the aforesaid motor vehicle.

18. At all times herein mentioned, Defendant **LEON JOHNSON** managed the aforementioned motor vehicle.

19. At all times herein mentioned, Defendant **JB HUNT TRANSPORT INC.** maintained the aforementioned motor vehicle.

20. At all times herein mentioned, Defendant **LEON JOHNSON** maintained the aforementioned motor vehicle.

21. At all times herein mentioned, Defendant **JB HUNT TRANSPORT INC.** controlled the aforementioned motor vehicle.

22. At all times herein mentioned, Defendant **LEON JOHNSON** controlled the aforementioned motor vehicle.

23. At all times herein mentioned, Defendant **LEON JOHNSON** was employed by **JB HUNT TRANSPORT INC.**

24. At all times herein mentioned, Defendant **LEON JOHNSON** operated the aforementioned motor vehicle in the scope of his employment with **JB HUNT TRANSPORT INC.**

25. At all times herein mentioned, Defendant **RITE AID OF NEW YORK, INC.** was the owner of a 2016 motor vehicle bearing Oklahoma State registration number 2WL671.

26. At all times herein mentioned, Defendant **LEON JOHNSON** operated the aforementioned motor vehicle bearing Oklahoma State registration number 2WL671.

27. At all times herein mentioned, Defendant **LEON JOHNSON** operated the aforementioned motor vehicle with the permission of Defendant **RITE AID OF NEW YORK, INC.**

28. At all times herein mentioned, Defendant **LEON JOHNSON** operated the aforementioned motor vehicle with the knowledge of the Defendant **RITE AID OF NEW YORK, INC.**

29. At all times herein mentioned, Defendant **LEON JOHNSON** operated the aforementioned motor vehicle with the consent of the Defendant **RITE AID OF NEW YORK, INC.**

30. At all times herein mentioned, Defendant **RITE AID OF NEW YORK, INC.** managed the aforesaid motor vehicle.

31. At all times herein mentioned, Defendant **LEON JOHNSON** managed the aforementioned motor vehicle.

32. At all times herein mentioned, Defendant **RITE AID OF NEW YORK, INC.** maintained the aforementioned motor vehicle.

33. At all times herein mentioned, Defendant **LEON JOHNSON** maintained the aforementioned motor vehicle.

34. At all times herein mentioned, Defendant **RITE AID OF NEW YORK, INC.** controlled the aforementioned motor vehicle.

35. At all times herein mentioned, Defendant **LEON JOHNSON** controlled the aforementioned motor vehicle.

36. At all times herein mentioned, Defendant **LEON JOHNSON** was employed by **RITE AID OF NEW YORK, INC.**

37. At all times herein mentioned, Defendant **LEON JOHNSON** operated the aforementioned motor vehicle in the scope of his employment with **RITE AID OF NEW YORK, INC.**

38. At all times herein mentioned, Defendant **RITE AID HDQTRS, CORP.** was the owner of a 2016 motor vehicle bearing Oklahoma State registration number 2WL671.

39. At all times herein mentioned, Defendant **LEON JOHNSON** operated the aforementioned motor vehicle bearing Oklahoma State registration number 2WL671.

40. At all times herein mentioned, Defendant **LEON JOHNSON** operated the aforementioned motor vehicle with the permission of Defendant **RITE AID HDQTRS, CORP.**

41. At all times herein mentioned, Defendant **LEON JOHNSON** operated the aforementioned motor vehicle with the knowledge of the Defendant **RITE AID HDQTRS, CORP.**

42. At all times herein mentioned, Defendant **LEON JOHNSON** operated the aforementioned motor vehicle with the consent of the Defendant **RITE AID HDQTRS, CORP.**

43. At all times herein mentioned, Defendant **RITE AID HDQTRS, CORP.** managed the aforesaid motor vehicle.

44. At all times herein mentioned, Defendant **LEON JOHNSON** managed the aforementioned motor vehicle.

45. At all times herein mentioned, Defendant **RITE AID HDQTRS, CORP.** maintained the aforementioned motor vehicle.

46. At all times herein mentioned, Defendant **LEON JOHNSON** maintained the aforementioned motor vehicle.

47. At all times herein mentioned, Defendant **RITE AID HDQTRS, CORP.** controlled the aforementioned motor vehicle.

48. At all times herein mentioned, Defendant **LEON JOHNSON** controlled the aforementioned motor vehicle.

49. At all times herein mentioned, Defendant LEON JOHNSON was employed by RITE AID HDQTRS, CORP.

50. At all times herein mentioned, Defendant LEON JOHNSON operated the aforementioned motor vehicle in the scope of his employment with RITE AID HDQTRS, CORP.

51. At all times herein mentioned, Plaintiff MIKHAIL MAGAZINER was the operator of a 2003 motor vehicle bearing New York State registration number FBL2306.

52. At all times herein mentioned, 65th Street at its intersection with Fort Hamilton Parkway in the County of Kings, State of New York, were public roadways, streets and/or thoroughfares.

53. That on May 19, 2020, Defendant LEON JOHNSON was operating the vehicle owned by JB HUNT TRANSPORT INC, at the aforementioned location.

54. That on May 19, 2020, Defendant LEON JOHNSON was operating the vehicle owned by RITE AID OF NEW YORK, INC. at the aforementioned location.

55. That on May 19, 2020, Defendant LEON JOHNSON was operating the vehicle owned by RITE AID HDQTRS, CORP. at the aforementioned location.

56. That on May 19, 2020, Plaintiff MIKHAIL MAGAZINER was operating his motor vehicle at the aforementioned location.

57. That on May 19, 2020, at the aforementioned location, the motor vehicle owned by Defendant JB HUNT TRANSPORT INC. and operated by Defendant LEON JOHNSON came into contact with the motor vehicle operated by Plaintiff MIKHAIL MAGAZINER.

58. That on May 19, 2020, at the aforementioned location, the motor vehicle owned by Defendant RITE AID OF NEW YORK, INC. and operated by Defendant LEON JOHNSON came into contact with the motor vehicle operated by Plaintiff MIKHAIL MAGAZINER.

59. That on May 19, 2020, at the aforementioned location, the motor vehicle owned by Defendant **RITE AID HDQTRS, CORP.** and operated by Defendant **LEON JOHNSON** came into contact with the motor vehicle operated by Plaintiff **MIKHAIL MAGAZINER**.

60. That as a result of the aforesaid contact, Plaintiff **MIKHAIL MAGAZINER** was injured.

61. That the aforesaid occurrence was caused wholly and solely by reason of the negligence of the Defendants without any fault or negligence on the part of the Plaintiff contributing thereto.

62. That Defendants were negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, use and control of the aforesaid vehicle and the Defendants were otherwise negligent, careless and reckless under the circumstances then and there prevailing.

63. That by reason of the foregoing, Plaintiff **MIKHAIL MAGAZINER** sustained severe and permanent personal injuries; and Plaintiff **MIKHAIL MAGAZINER** was otherwise damaged.

64. That Plaintiff **MIKHAIL MAGAZINER** sustained serious injuries as defined by §5102(d) of the Insurance Law of the State of New York.

65. That Plaintiff **MIKHAIL MAGAZINER** sustained serious injuries and economic loss greater than basic economic loss as defined by §5104 of the Insurance Law of the State of New York.

66. That as a result of the foregoing, Plaintiff **MIKHAIL MAGAZINER** was caused to sustain serious injuries and to have suffered pain, shock and mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries, Plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a further

result, Plaintiff was and will continue to be rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

67. That Plaintiff **MIKHAIL MAGAZINER** is not seeking to recover any damages for which Plaintiff has been reimbursed by no-fault insurance and/or for which no-fault insurance is obligated to reimburse Plaintiff. Plaintiff is seeking only to recover those damages not recoverable through no-fault insurance under the facts and circumstances in this action.

68. That this action falls within one or more of the exceptions set forth in CPLR §1602.

69. That by reason of the foregoing, Plaintiff **MIKHAIL MAGAZINER** has been damaged in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, Plaintiff demands judgment against the Defendants herein, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated: New York, New York
August 6, 2021

Yours, etc.

SETH M. GREENBERG, ESQ.
GREENBERG & STEIN, P.C.
Attorney for Plaintiff
MIKHAIL MAGAZINER
360 Lexington Avenue, Suite 1501
New York, New York 10017
(212) 681-2535
Our File No. 6947

## ATTORNEY'S VERIFICATION

SETH M. GREENBERG, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at GREENBERG & STEIN, P.C., attorneys of record for Plaintiff, **MIKHAIL MAGAZINER**.

I have read the annexed **COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true.

My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Plaintiff is not presently in the county wherein I maintain my offices.

DATED: New York, New York
August 6, 2021

SETH M. GREENBERG

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-------------------------------------------------x
MIKHAIL MAGAZINER

                        Plaintiff/Petitioner,

    - against -                              Index No. 520134/2021

JB HUNT TRANSPORT INC., LEON JOHNSON, RITE
AID OF NEW YORK, INC. AND RITE AID HDQTRS,
CORP

                      Defendant/Respondent.
-------------------------------------------------x

## NOTICE OF ELECTRONIC FILING
### (Consensual Case)
### (Uniform Rule § 202.5-b)

**You have received this Notice because:**

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
Give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.

If you choose to participate in e-filing, you _must_ have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.

The **benefits of participating in e-filing** include:

    - serving and filing your documents electronically

    - free access to view and print your e-filed documents

    - limiting your number of trips to the courthouse

    - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

Page 1 of 2            EF-3

To find legal information to help you represent yourself visit www.nycourthelp.gov

### Information for Attorneys

An attorney representing a party who is served with this notice must either consent or decline consent to electronic filing and service through NYSCEF for this case.

Attorneys registered with NYSCEF may record their consent electronically in the manner provided at the NYSCEF site. Attorneys not registered with NYSCEF but intending to participate in e-filing must first create a NYSCEF account and obtain a user ID and password prior to recording their consent by going to www.nycourts.gov/efile

Attorneys declining to consent must file with the court and serve on all parties of record a declination of consent.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: August 10, 2021

| | |
|---|---|
| Joshua N. Stein | 360 Lexington Avenue-Suite 1501 |
| Name | Address |
| Greenberg & Stein, P.C. | New York, NY 10017 |
| Firm Name | |
| | 212 - 681 - 2534 |
| | Phone |
| | josh@greenbergandstein.com |
| | E-Mail |

To: See Attached

6/6/18

Index # _____   Page 2 of 2   EF-3