**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**MIKHAIL MAGAZINER,**

                **Plaintiff,**

    - against -                         **REPORT AND**
                                        **RECOMMENDATION**

**JB HUNT TRANSPORT INC., et al.,**         **21-CV-5708 (LDH)**

                **Defendants.**
-------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

This personal injury action was removed from state court on October 13, 2021, by defendants JB Hunt Transport Inc., Leon Johnson, Rite Aid of New York, Inc. and Rite Aid Hdqtrs. Corp. ("defendants"), on the ground that the parties are citizens of different states and the amount in controversy exceeds $75,000. See Notice of Removal (Oct. 13, 2021) ("Notice"), Electronic Case Filing Docket Entry ("DE") #1. For the following reasons, the Court respectfully recommends that this action be remanded *sua sponte* to Supreme Court, Kings County, for lack of jurisdiction.

## DISCUSSION

Under 28 U.S.C. § 1447(c), a federal court may *sua sponte* remand an action at any time for lack of subject matter jurisdiction. See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth., 435 F.3d 127, 133 (2d Cir. 2006); Hamilton v. Aetna Life & Cas. Co., 5 F.3d 642, 643-44 (2d Cir. 1993); 28 U.S.C. § 1447(c). The party seeking removal to federal court bears the burden of establishing that the requirements for diversity jurisdiction have been met. See Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291, 296 (2d Cir. 2000); Lupo v.

Human Affairs Int'l, Inc., 28 F.3d 269, 273 (2d Cir. 1994).

In the instant action, the Notice of Removal provides an insufficient basis for concluding that the amount in controversy satisfies the jurisdictional threshold. The Notice contains only a conclusory statement that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." Notice ¶ 7. But the Complaint is silent as to the value of plaintiff's claim, and defendants do not cite to any allegation in the Complaint to demonstrate that plaintiff seeks damages in excess of $75,000. All that can be determined from the Complaint is that plaintiff alleges that he has "sustained severe and permanent personal injuries." Complaint ¶ 63, DE #1-1. These boilerplate allegations fail to sustain defendants' burden to establish that the amount in controversy satisfies the jurisdictional threshold.[1] See Daversa v. Cowan Equip. Leasing, LLC, No. 20-CV-0163 (WFK), 2020 WL 1866585, at *1 (E.D.N.Y. Jan. 14, 2020), adopted, 2020 WL 967436 (E.D.N.Y. Feb. 28, 2020); Correa v. YRC Worldwide Inc., 19-CV-1564 (CBA), 2019 WL 1649945, at *1-2 (E.D.N.Y. Mar. 28, 2019), adopted, 2019 WL 1643541 (E.D.N.Y. Apr. 16, 2020); Perez v. Smith, 19-CV-2085 (RJD), 2019 WL 2372497, at *1 (E.D.N.Y. June 3, 2019) (adopting recommendation to remand *sua sponte*); Remy v. Savoie, No. 17-CV-00663 (DLI)(RER), 2017 WL 639251, at *3 (E.D.N.Y. Feb. 16, 2017). Similarly, the allegation that plaintiff has been damaged in an amount that exceeds "the jurisdictional limitations of all lower courts,"

---

[1] Assuming the Complaint is the basis for defendants' removal, the Notice of Removal was also untimely under 28 U.S.C. § 1446(b). See Thomas v. Baldwin, 189 F.Supp.2d 1, 2 (E.D.N.Y. 2002) ("A defendant who is served simultaneously with summons and complaint must file any notice of removal within thirty days of receiving those documents"). Defendants were served on August 18, 2021, see Notice ¶¶ 4-6, but delayed removal until October 13, 2021, more than 30 days after receiving the Complaint.

Compl. ¶ 69, does not satisfy the monetary threshold for diversity jurisdiction, since the jurisdictional limitation of the lower civil courts of New York is $25,000, see Daversa, 2020 WL 1866585, at *1; Correa, 2019 WL 1649945, at *1.

Where, as here, "the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." Lupo, 28 F.3d at 273-74. As defendants have failed to satisfy their burden in this regard, the District Court should remand the action. See Islam v. Hertz Vehicles, LLC, 20-CV-4515 (PKC) (RLM), 2020 WL 5893965, at *2 (E.D.N.Y. Oct. 5, 2020) (remanding case because defendants failed to satisfy their burden with conclusory allegation that jurisdictional threshold is satisfied); Faktorovich v. Fleet Car Lease, Inc., 17-cv-1824 (DLI)(LB), 2017 WL 1331264, at *2 (E.D.N.Y. Apr. 10, 2017) ("barebones, general pleading does not suffice to establish that this action involves an amount in controversy adequate to support federal diversity jurisdiction").

## CONCLUSION

For the foregoing reasons, the Court respectfully recommends that this action be remanded *sua sponte* to Supreme Court, Kings County, for lack of jurisdiction.

Any objections to this Report and Recommendation must be filed with the Honorable LaShann DeArcy Hall on or before **October 28, 2021**. Failure to file objections in a timely

manner may waive a right to appeal the District Court order.  See 28 U.S.C. § 636(b)(1);

Fed. R. Civ. P. 6(a)(1), 72(b)(2); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16

(2d Cir. 1989).

**SO ORDERED.**

**Dated: Brooklyn, New York**
           **October 14, 2021**

/s/        *Roanne L. Mann*

**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**